## Packer's Estate (No. 3).

Argued April 3d, 1914. Appeal, No. 111, Jan. T., 1914, by Garrett B. Linderman, 3d, from decree of O. C., Philadelphia Co., April T., 1881, No. 323, dismissing exceptions to adjudication in estate of Asa Packer, de-

ceased.   Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Exceptions to adjudication.   Before GUMMEY, J.
The facts appear in Packer's Est. (No. 1), 246 Pa. 97, and Packer's Est. (No. 2), 246 Pa. 116.
The court in banc dismissed the exceptions.   Garrett B. Linderman, 3d, appealed.

*Error assigned* was the decree of the court.

*Biddle, Paul & Jayne* filed a paper book for appellant.

*W. U. Hensel,* for Ruth M. Linderman, executrix of the estate of Robert P. Linderman, deceased, Ruth Evelyn Linderman, Mary Evelyn Linderman, Evelyn Linderman, Christine Linderman and Robert Packer Linderman, Jr., Warren A. Wilbur, executor of the estate of Sallie Linderman Wilbur, deceased, and Robert E. Wilbur, appellees.

*W. W. Montgomery, Jr.,* for Louise D. Rathbun, executrix of the estate of Robert Rathbun.

*Joseph Hill Brinton* filed a paper book for the executors and legatees of John E. Rathbun, appellees.

*J. Davis Brodhead* filed a paper book for the executors of the estates of E. P. Wilbur, W. W. Wilbur, Helena Rathbun and Hattie Fitch, deceased, appellees.

OPINION OF MR. JUSTICE MOSCHZISKER, July 1, 1914:
The appellant, Garrett B. Linderman, 3d, contends that he has an interest in the determination of the question here involved because he is one of the beneficiaries of the trust held by the Girard Trust Company for Garrett B. Linderman, Jr., and others; this trust being more particularly referred to in Packer's Est. (No. 2).   He

states the question involved to be: "Was it testator's (Asa Packer) intention that the gift to nephews and nieces under paragraph 31 of his will should vest in interest at the time of his death and pass to their personal representatives in the event of their death prior to the period fixed by him for the distribution of the corpus of the trust fund; or was it his intention to create a future gift to nephews and nieces which would lapse in the event of their death before said period fixed by him for distribution."

All the points raised by the appellant have already been decided against his contentions in an opinion this day filed in Packer's Est. (No. 2).

The appeal is dismissed; the costs to be paid by the appellant and others as ordered by the Orphans' Court when the record is remitted to it.